**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAKAYLA SHEAHAN**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1528-RBD-DCI**

**ALPHA FACILITY SERVICES LLC,**
**a Florida limited liability company,**

**Defendant.**
_____________________________________/

# ORDER

Makayla Sheahan (Plaintiff) has filed a complaint against Alpha Facility Services, LLC (Defendant) for one count of sex discrimination under Title VII of the Civil Rights Act. Doc. 1. Defendant did not respond, and on September 30, 2025, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). Docs. 14, 16. Plaintiff subsequently filed a motion for default judgment, but the Court denied the request without prejudice for failure to address service of process and failure to "set forth the elements of the claim or demonstrate how the specific, well pleaded allegations of the Complaint establish those elements." Doc. 21 at 3.

Plaintiff has now filed a renewed Motion for Default Final Judgment pursuant to Rule 55(b)(2) and Local Rule 3.01(b). Doc. 24 (the Motion). The Motion is still deficient. Before entering default judgment, a court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It is a plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements. Although a defendant's default results in an admission of well-pleaded factual allegations, it does not operate as an admission of legal conclusions or facts that are not adequately pleaded to satisfy each element of the asserted claim. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

In the latest attempt at obtaining default judgment, Plaintiff addresses jurisdiction and service of process, but the Court is not persuaded that Plaintiff has established liability through default. Unlike Plaintiff's initial motion for default judgment, Plaintiff now presents the elements of a hostile work environment claim[2] and makes some effort to discuss the relevant facts, but the analysis as to how those facts satisfy each element remains lacking. Specifically, Plaintiff's single count for relief relates to her employment with Defendant and her claim that she was subjected to "suggestive" and "lewd" text messages from her direct supervisor. Doc. 1 at 3. Plaintiff alleges that she reported the conduct, but Defendant's co-manager and chief administrative officer was dismissive of the complaint and instructed Plaintiff to delete the messages and tell no one. *Id.* at

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] To establish a claim under Title VII based upon a hostile work environment, a plaintiff must show: "(1) that [she] belongs to a protected group; (2) that [she] has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller*, 277 F.3d at 1275.

2. Plaintiff claims that she was subjected to discrimination based on sex under Title VII due to the "unwanted sexual advances." *Id*. at 9.

In the Motion, Plaintiff sets forth the nature of the messages and includes screen shots of the dialogue. Doc. 24 at 5, 16. Plaintiff states that she experienced "multiple unwanted sexual advancements in the form of text messages from [Defendant's] co-manager and CEO" and that the individual "made advances because [Plaintiff] as a woman and desired her 'company' for 'physical' and 'emotional' interactions." Doc. 24 at 11. Plaintiff claims that the "messages were pervasive in that they were sent on multiple days, at all hours of the day (including after work hours), and over multiple forms of communications, including iMessage and Snapchat." *Id*. at 12. Plaintiff adds that "[t]he messages sent in the middle of the night in particular created an environment where [Plaintiff] could not escape." *Id*. Plaintiff concludes that "due to the hostile work environment and [Defendant's] unwillingness to correct the situation, [Plaintiff] was forced to resign" and "no reasonable person would have remained employed with [Defendant]." *Id*. at 13.

Plaintiff, however, fails to offer a sufficient legal memorandum to support of her request for default judgment. Other than generic citations to the law on how to establish a *prima facie* case for sex discrimination or harassment and the factors a court may consider to determine whether a violation of Title VII has occurred, Plaintiff provides no legal authority or substantive analysis to show that the allegations in the Complaint state a claim upon which relief may be granted. The Court is especially concerned that Plaintiff has not met her burden with respect to the "severe or pervasive" element of the cause of action. Under Title VII, "a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v.*

*City of Boca Raton*, 524 U.S. 775 (1998). The Eleventh Circuit has made clear that "Title VII is not a 'general civility code,'" and isolated offensive utterances, while unprofessional and inappropriate, do not satisfy Title VII's severity or pervasiveness requirement. *See Reeves v. C.H. Robinson Worldwide Inc.*, 594 F.3d 798, 809 (11th Cir. 2010) (quoting *Faragher*, 524 U.S. at 788); *see also Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) ("In evaluating the objective severity of the harassment, we consider, among other factors: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance.") (citation omitted).

As a general matter, determining whether conduct is severe or pervasive under Title VII is a "somewhat fact intensive" analysis. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999); *see also Kristin v. Carfax, Inc.*, 2008 U.S. Dist. LEXIS, at *7 (N.D. Fla. Jan. 25, 2008) ("The determination of whether the alleged sexual harassment is sufficiently severe or pervasive involves issues that are highly fact-specific, and which require the court to consider the totality of the circumstances.") (citing *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 23 (1993)). Plaintiff's unsupported assertion that the messages at issue were "pervasive" because "they were sent on multiple days" and "at all hours of the day" without any discussion of the relevant law does not help the Court decide that relief is warranted. *See Landry v. Tropical Auto Sales & Rent to Own LLC*, 2025 WL 1568169, at *3 (M.D. Fla. June 3, 2025) (finding that a plaintiff's interpretation of four statements made over the course of days and "the intentions she assigns to them in the [motion for default judgment] are neither well-pled allegations nor persuasive arguments absent legal authority"); *Carter v. Oasis Tropical Café, LLC*, 2024 WL 4044516, at *6 (M.D. Fla. Aug. 5 2024), *report and recommendation adopted by*, 2024 WL 4040632 (M.D. Fla. Sept. 4, 2024) (denying a

motion for default judgment because the plaintiff cited no case in which a plaintiff established sufficiently severe or pervasive sexual harassment without showing that the conduct was at least either severe or frequent).

Overall, Plaintiff's citation to general legal authority with zero analysis does not support the proposition that the statements made to Plaintiff through the messages were sufficiently severe or pervasive to create a discriminatorily abusive working environment. *See id.* at *3 (finding that if the plaintiff renews the request for default judgment, then the plaintiff "should provide legal authority to support the proposition that the well-pled allegations are sufficient to impose liability under the FCRA and Title VII as pled"). To be clear, it could be that the alleged conduct—admitted as true through default—amounts to "pervasive" conduct within the meaning of Title VII as Plaintiff claims, but Plaintiff must address the law on the subject and provide a sufficient motion under Local Rule 3.01(b) ("A motion must include. . . a statement of the basis for the request, and a legal memorandum supporting the request.").

And because the Motion is deficient, the Court is left guessing as to whether Plaintiff abandoned her claim that the harassment was "severe" pursuant to Title VII. Specifically, Plaintiff alleges in the Complaint that the harassment was "so severe and pervasive" that Plaintiff was forced to quit her job with Defendant. Doc. 24 at 9. In the Motion, however, Plaintiff seems to claim only that the messages at issue were "pervasive" within the meaning of Title VII. *Id*. at 12. The insufficiency of the Motion does not help the Court answer the question of whether Plaintiff intends for the Court to consider the "severe" component of the alleged liability. *See Gray v. Koch Foods, Inc.*, 580 F.Supp.3d 1087, 1110 (M.D. Ala. Jan. 14, 2022) ("[P]ervasive harassment is not necessary because the severe or pervasive test is disjunctive, meaning '[e]ither severity *or*

pervasiveness is sufficient to establish a violation of Title VII.") (quoting *Reeves*, 594 F.3d at 808) (emphasis in original).

While Plaintiff has not established entitlement to relief, the Court finds that Plaintiff should have another opportunity to file a sufficient motion before recommending to the Court that the case be dismissed. If Plaintiff renews the request, Plaintiff must specify if she seeks default judgment based on both severity and pervasiveness and provide a statement of the legal basis for the relief and a legal memorandum supporting the request for default judgment.[3] *See* Local Rule 3.01(b).

Accordingly, it is **ORDERED** that the Motion (Doc. 24) is **DENIED without prejudice**. **On or before August 31, 2026**, Plaintiff shall file a renewed motion for default judgment in accordance with this Order.

Plaintiff's failure to comply within the allotted time may result in the dismissal of this case without further notice for failure to prosecute.

Ordered in Orlando, Florida on August 10, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

[3] Plaintiff seeks damages totaling $65,680 and entitlement to attorney fees and costs. Doc. 24 at 15. As a general matter, if a claim for liability is adequately pleaded, the court must then assess its ability to measure damages. Unlike well pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). To this end, the "court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award). Since there is a question related Plaintiff's allegations and liability under Title VII, the Court will not reach the question of damages.